

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FERRILL JOSEPH VOLPICELLI,

    Plaintiff,

vs.

JACK PALMER, et al.,

    Defendants.

Case No. 3:08-CV-00237-BES-(VPC)

**ORDER**

    Petitioner has paid the filing fee (#3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the Petition for a Writ of Habeas Corpus. The Court will dismiss some grounds and serve the Petition upon Respondents for a response to the remaining grounds.

    Petitioner was charged with aiding and abetting the commission of a burglary, and with aiding an abetting in the attempt to obtain money by false pretenses. After a bench trial in the Second Judicial District Court of the State of Nevada, Case No. CR02-0148, Petitioner was convicted of the latter charge. Petition, p. 4. Petitioner appealed, and the Nevada Supreme Court affirmed. Petition, attached exhibit, pp. 1-2.

    Petitioner then filed in state court a habeas corpus petition. The district court denied the petition. Petitioner appealed. The Nevada Supreme Court found that the judgment of conviction was incorrect in how the sentence related to the sentences in two other cases, CR02-0147 and CR03-1263. The Nevada Department of Corrections was running the sentences in all three cases consecutively. The Nevada Supreme Court held that because

the judgment of conviction in CR02-0148 did not mention CR02-0147, the sentences in the two cases should run concurrently. Petition, attached exhibit, p. 11. The judgment of conviction in CR02-0148 did direct that the sentence would be served consecutively to the sentence in CR03-1263. However, when CR02-0148's judgment of conviction was entered, no judgment had yet been entered in CR03-1263, and the district court could not run a sentence consecutively to a sentence that had not yet been imposed. Id., pp. 12-13. The Nevada Supreme Court held that trial counsel was ineffective for failing to object at sentencing and that appellate counsel was ineffective for failing to argue the point on direct appeal. Id., p. 13. The Nevada Supreme Court reversed in part on this ground and remanded for entry of a corrected judgment of conviction. Id. On all other grounds, the Nevada Supreme Court affirmed.

Petitioner then commenced this action. The Petition contains eight grounds

In Ground Three, Petitioner argues that the prosecution had failed to prove all elements of the crime beyond a reasonable doubt. "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979) (citing In re Winship, 397 U.S. 358 (1970)). On federal habeas corpus review of a judgment of conviction pursuant to 28 U.S.C. § 2254, the petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 324. "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16.

On October 17, 2001, Petitioner was arrested on charges not related to this action. Among his belongings was $886 in currency. Petitioner asked his son Travis to go to the jail and collect his belongings. Travis did this, and the jail personnel issued him a check for $886. Later, a detective of the Washoe County Sheriff's Office and Petitioner's probation officer went to Petitioner's residence or Travis' residence,[1] and they asked Travis to give the check

---

[1] Petitioner's allegations are not consistent on where the officers went.

back. Travis gave them the check. Petitioner then called Travis on a jail telephone, and Travis told him what happened to the check. Petitioner instructed Travis to return to the jail, lie to jail personnel that he lost the check or that someone took the check, and request a new check. Travis complied, completing a report in which he stated that he was unable to find the check. Jail personnel issued Travis a new check, and deputies arrested him when he tried to leave the jail. Petition, pp. 3-4, 21.

> The statutes state, in relevant part:
>
> Nev. Rev. Stat. § 205.380. Obtaining money, property, rent or labor by false pretenses
>
> 1. A person who knowingly and designedly by any false pretense obtains from any other person any chose in action, money, goods, wares, chattels, effects or other valuable thing, including rent or the labor of another person not his employee, with the intent to cheat or defraud the other person, is a cheat . . . .
>
> Nev. Rev. Stat. § 195.020. Principals
>
> Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such.
>
> Nev. Rev. Stat. § 193.330. Punishment for attempts
>
> 1. An act done with the intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime.

In telling Travis to go to the jail and lie about why he needed a new check, Petitioner was an aider and abettor. Travis' lie on the report would have been obtaining money by false pretenses, but it became an attempt because deputies arrested him before he could leave the jail. Petitioner's own allegations show that sufficient evidence existed to convict him of aiding and abetting an attempt to obtain money by false pretenses. Ground Three is without merit on its face.

Grounds Two and Four through Seven involve claims of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance

of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

In Ground Two, Petitioner claims that appellate counsel was ineffective because he raised the claim of sufficiency of the evidence only as a matter of state law, not federal law. The Court has already determined in its determination of Ground Three that sufficient evidence did exist to support the conviction. Therefore, Petitioner suffered no prejudice from the lack of a federal-law argument on direct appeal.

In Ground Four, Petitioner claims that counsel should have moved to suppress the recordings of Petitioner's statements in his phone call from the jail to Travis, telling Travis to return to the jail and lie about why he needed a new check. Petitioner has no reasonable expectation of privacy in outgoing phone calls from a jail. United States v. Van Poyck, 77 F.3d 285, 290 (9th Cir. 1996). If counsel had filed a motion to suppress, then it would have been denied, and Petitioner suffered no prejudice.

In Ground Five, Petitioner claims that counsel should have protected him from selective and vindictive prosecution. He alleges that the prosecution sought harsher penalties because Petitioner invoked his right to remain silent and his right to a jury trial.[2] Petitioner quotes conversations between Reno police detective and his co-defendant in another case, and between the same detective and himself. The detective noted that the prosecutor would seek to have Petitioner adjudicated as a habitual criminal if Petitioner did not accept an offer

---

[2]Petitioner must have later waived his right to a jury trial, because he was convicted in a bench trial.

1  to plead guilty. This ground is fatally defective for two reasons. First, the prosecutor could
2  threaten Petitioner with prosecution for being a habitual criminal if he refused to accept a plea
3  bargain, as long as the prosecutor has probable cause to believe that Petitioner qualified as
4  a habitual criminal. Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978); United States v.
5  Lopez, 474 F.3d 1208, 1212 (9th Cir. 2007). Second, in the criminal case at issue, CR02-
6  0148, Petitioner was not charged or adjudicated as a habitual criminal. If there was
7  prosecutorial vindictiveness, then it occurred in one of Petitioner's other criminal cases, and
8  those cases are beyond the scope of the Petition. Counsel did not perform deficiently on this
9  issue.

10  In Ground Six, Petitioner argues that the detective and his probation officer
11  unconstitutionally seized the first check, and that counsel was ineffective for failing to protect
12  him from that seizure. The legality of how the officers retrieved the first check from Travis is
13  irrelevant. As noted above with respect to Ground Three, Petitioner's instruction to Travis to
14  lie to obtain another check, and Travis' attempt to obtain another check by a lie, were
15  sufficient evidence to sustain the conviction for aiding and abetting an attempt to obtain
16  money by false pretenses. Petitioner suffered no prejudice from counsel's lack of a motion
17  to suppress the evidence of the officer's actions.

18  In Ground Seven, Petitioner claims that trial and appellate counsel were ineffective for
19  failing to argue that the judgment of conviction was unconstitutionally vague and ambiguous.
20  This is the same ground on which the Nevada Supreme Court granted relief, holding that the
21  sentence in the case at issue, CR02-0148, should run concurrently with the sentence in
22  CR02-0147, and that the sentence in CR02-0148 could not run consecutively to a sentence
23  in CR03-1263 that had not yet been imposed. The Court dismisses this ground because it
24  can grant Petitioner no other relief than what he has already obtained.

25  Ground Eight is a claim of cumulative error. The Court has already determined that
26  Grounds Two through Six are wholly without merit and that Petitioner has already received
27  relief on Ground Seven. This makes Ground Eight redundant with Ground One, and the
28  Court dismisses it.

IT IS THEREFORE ORDERED that Grounds Two through Eight are **DISMISSED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the Clerk shall serve the Respondents a copy of the Petition and a copy of this Order by certified mail upon the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. In addition, the Clerk shall return to Petitioner a copy of the Petition.

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which the Petition was served to answer or otherwise respond to the Petition. If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that henceforth, Petitioner shall serve upon Respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Respondents or counsel for the Respondents. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED: This 13th day of June, 2008.

_____
BRIAN E. SANDOVAL
United States District Judge